UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

SHERILLE HARRIS,             )
                             )
            Plaintiff,       )
                             )
        vs.                  )     No. 4:05-CV-2109 CEJ
                             )
JOHN E. POTTER,              )
Postmaster General           )
United States Postal Service, )
                             )
            Defendant.       )

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff, who is acting *pro se*, has filed a response in opposition to the motion.[1]

Plaintiff Sherille Harris brings this action against her employer, the United States Postal Service, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.* In her complaint, plaintiff alleges that she was denied a promotion, defamed, and was subjected to a hostile work environment because of her race, sex, national origin and mental disability. She also claims that the defendant retaliated against her. Plaintiff also alleges that two Postal Service employees violated

_____

[1]The plaintiff's response was erroneously filed in the Eighth Circuit Court of Appeals. A copy of the response was submitted by the defendant [Doc. #8].

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the agency's standards of conduct by making false statements in affidavits.[2]  Plaintiff alleges that the acts of discrimination took place on or about January 15, 2002.  She filed the instant complaint on November 10, 2005.

The defendant argues that the Court lacks subject matter jurisdiction for the following reasons: (1) plaintiff's claims are barred by res judicata; (2) plaintiff's claims are untimely; and (3) plaintiff failed to exhaust administrative remedies prior to filing this action.

## I.  Background

On February 5, 2002, plaintiff filed a Complaint of Discrimination (Agency EEO Number 4-J-630-0051-02), complaining that she had been discriminated against because of her race and gender.  Plaintiff described several incidents that had occurred on January 15, 2002 as the basis for her complaint.

In a decision issued on May 3, 2004, an EEOC administrative judge determined that plaintiff had failed to establish that she was discriminated against or harassed on the basis of her race or gender.  A Notice of Final Action was issued by the Postal Service on May 19, 2004.  In the Notice, plaintiff was advised of the Postal Service's implementation of the administrative judge's decision and of her right to challenge the action by filing a civil

---

[2]Plaintiff has not provided any information about the affidavits or the false statements either in her complaint or in her response to the motion to dismiss.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

action the district court within 90 days.

On June 17, 2004, plaintiff brought a Title VII action in this Court under Cause No. 4:04-CV-753 (CEJ), claiming discrimination by the defendant on the basis of race and gender in connection with the January 15, 2002 incidents that were the subject of her EEO complaint, the administrative judge's decision, and the Notice of Final Action.[3] On September 20, 2004, this Court granted the defendant's motion for summary judgment, and held that the conduct plaintiff complained of did not constitute discrimination and did not create an objectively hostile work environment. The judgment was affirmed on appeal. Harris v. United States Postal Service, No. 04-3678 (8th Cir., February 13, 2006) (unpublished opinion).

## II.  Legal Standard

To prevail in a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the defendant must successfully challenge the complaint on its face or the "factual trustfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)(citation omitted)).  When considering a motion under Rule 12(b)(1), a court must distinguish between a "facial attack" or a "factual attack." Osborn, 918 F.2d at 729 n.6.  When the moving party initiates a "facial attack" on subject matter

---

[3]In the civil action, plaintiff also asserted claims of discriminatory treatment that had occurred in 2001.  The Court found that these claims were time-barred.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

jurisdiction, the court may look only to the face of the pleadings to determine whether subject matter jurisdiction exists, and the nonmoving party is entitled to the same protections it would receive in the context of a Rule 12(b)(6) motion.  <u>Id</u>. (citing <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir.); <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)).[4]

However, when the moving party initiates a "factual attack" on subject matter jurisdiction, the court may look to matters outside the pleadings in order to determine the factual dispute, and the nonmoving party does not have the benefit of Rule 12(b)(6) protections.  <u>Osborn</u>, 918 F.2d at 729 n.6.  This is because the district court has "broader power to decide its own right to hear the case than it has when the merits of a case are reached."  <u>Id</u>. at 729 (citing <u>Williamson v. Tucker</u>, 645 F.2d 404, 413 (5th Cir. 1981)).  As the court explained in <u>Osborn</u>:

> Here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attached to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdiction claims.  Moreover, the plaintiff

---

[4]Thus, in a Rule 12(b)(1) motion (as in a Rule 12(b)(6) motion), all the factual allegations concerning jurisdiction are presumed to be true and the motion will be successful only if the nonmoving party fails to allege a necessary element for subject matter jurisdiction.  <u>Titus v. Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> will have the burden of proof that jurisdiction does in
> fact exist.

Osborn, 918 F.2d at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)

Here, the defendant's motion presents a "factual attack" on federal subject matter jurisdiction. As such, the Court may consider matters outside the pleadings and need not accord the presumption of truthfulness to the allegations of the complaint.

## III. Discussion

### A. Res judicata

The doctrine of res judicata precludes the relitigation of a claim that was the subject matter of an earlier proceeding between the same parties. Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990)("[u]nder the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties . . . based on the same cause of action"); see Banks v. International Union Electronic, Electrical, Technical, Salaried and Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004). The Eighth Circuit has adopted a three-part inquiry in determining whether res judicata applies: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases. Banks, 390 F.3d at 1052 (citing Lane, 899 F.3d at 741).

-5-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In determining whether the present action is the "same cause of action" as the prior action, a court must determine whether it "arises out of the same nucleus of operative facts as the prior claim." Lane, 899 F.2d at 742. A court must consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations . . . ." Id. (quoting Restatement (Second) of Judgments §24(2) (1980)).

The Court finds that the claims of race and gender discrimination that plaintiff asserts in the present action are identical to the claims she asserted in her previous Title VII action filed in 2004.[5] The claims in both actions arise out of the same alleged discriminatory conduct of plaintiff's supervisor on or about January 15, 2002. In the 2004 action, the Court found that plaintiff's claims were meritless, and entered judgment in favor of the defendant. Res judicata bars plaintiff from litigating those claims a second time.

**B. Exhaustion**

Before bringing an action claiming employment discrimination,

---

[5]In the present action, unlike the earlier one, plaintiff claims that the conduct of her supervisor also constituted discrimination based on national origin and mental disability, and retaliation. As discussed above, *infra*, plaintiff did not exhaust administrative remedies with respect to these additional claims. Their inclusion in the instant complaint does not eliminate the res judicata bar.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a federal employee must exhaust all available administrative remedies with respect to her claims. <u>Bailey v. United States Postal Service</u>, 208 F.3d 652, 654 (8th Cir. 2000); <u>Briley v. Carlin</u>, 172 F.3d 567, 571 (8th Cir. 1999). In order to exhaust administrative remedies, a claimant must initiate contact with an EEO counselor within 45 days of the allegedly discriminatory action. 29 C.F.R. § 1614.105(a)(1). The claimant must then file a formal complaint of discrimination within 15 days of receiving a notice of the right to do so. 29 C.F.R. §§ 1614.105(d), 1614.106(b), 1614.107(a)(7). Failure to satisfy the exhaustion requirement may result in dismissal of the unexhausted claims. <u>McAlister v. Secretary of Dept. of Health and Human Services</u>, 900 F.2d 157 (1990)(disability discrimination complaint by federal employee dismissed for failure to exhaust administrative remedies).

In her formal complaint of discrimination, plaintiff asserted that she had been discriminated against on the basis of race, color and sex. She did not initiate contact with an EEO counselor with respect to her claims of national origin and mental disability discrimination and retaliation, and those claims were not included in her formal complaint of discrimination. Additionally, review of the administrative judge's ruling reveals that these claims were not considered in the administrative proceedings. Further, the claims are not within the scope of the investigation that would reasonably be expected to grow out of the EEO discrimination complaint. <u>See</u>

<u>Duncan v. Delta Consol. Industries, Inc</u>**.,** 371 F.3d 1020 (8th Cir. 1994); <u>Cobb v. Stringer</u>, 850 F.2d 356, 359 (8th Cir. 1988) (claims in Title VII complaint must be within the scope of the EEOC investigation that reasonably flows from the administrative charge). Therefore, the claims of national origin and disability discrimination and retaliation were not exhausted and the Court lacks subject matter jurisdiction to hear them.

### C. <u>Timeliness</u>

The May 19, 2004 Notice of Final Action advised plaintiff of the 90-day deadline for filing a lawsuit to challenge the administrative decision. Plaintiff did not file the instant complaint until November 10, 2005, more than a year after receiving the Notice. Consequently, in addition to the other impediments discussed above, plaintiff's claims are time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [#6] is **granted.**


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 8th day of September, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com